**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**DEPARTMENT OF HEALTH**
**HEALTH REGULATION AND LICENSING ADMINISTRATION**
**BOARD OF DENTISTRY**

| | |
|---|---|
| In Re: | : |
| | : |
| **Bilal Ahmed, D.D.S.** | : |
| | : |
| License No.: DEN1000497 | : |
| | : |
| Respondent | : |

## CONSENT ORDER

### Jurisdiction

This matter comes before the District of Columbia Board of Dentistry (the "Board") pursuant to D.C. Official Code § 3-1201.01 *ff.* (2012 Repl.), otherwise known as the Health Occupations Revision Act (the "HORA"). The HORA, at D.C. Official Code § 3-1202.01(b) (2012 Repl.), authorizes the Board to regulate the practice of dentistry in the District of Columbia.

### Background

On January 15, 2014, the Board issued a Notice of Intent to Take Disciplinary Action against Respondent's District of Columbia dentistry license (the "Notice"). The Amended Notice was served by Federal Express, direct signature required, to the Respondent's business address on file with the Board. According to the Federal Express online parcel tracking system, the Notice was delivered to Respondent on February 12, 2014. On July 16, 2014, an Amended Notice of Intent to Take Disciplinary Action against Respondent's District of Columbia dentistry license (the "Amended Notice") was served via Federal Express, direct signature required, to

Respondent's attorney on July 17, 2014. According to the Federal Express online parcel tracking system, the Notice was delivered to Respondent's attorney on July 21, 2014. The Amended Notice charged the Respondent as follows:

> **1. You submitted false statements to collect fees for which services were not provided or submitted statements to collect fees for services which were not medically necessary in violation of D.C. Official Code § 3-1205.14 (a) (13) (2012 Repl.).**

You performed dental work on patient H▮▮▮▮ R▮▮▮▮. As a part of the work you performed immediate restoration on November 16, 2011 on Tooth No. 31. However, you billed for work on Tooth No. 21. You kept limited and inadequate notes for this patient, as the progress notes leading up to November 16, 2011 did not show a problem with Tooth No. 31. Further you charged Mr. R▮▮▮ for a provisional crown, but the charge was excessive and unnecessary because the provisional crown is charged as an included expense when performing an onlay.

As part of the work performed for this patient, you treated Tooth No.7. On April 28, 2010 you performed an extraction, alveolplasty and bone graph of Tooth No.7. None of these treatments were recorded in the patient's progress notes. On July 28, 2010, subsequent to the extraction, you charged the patient for a custom abutment and implant crown on July 28, 2010.

As part of the work for this patient, you treated Tooth No.3. On September 1, 2010 you performed a crown, root planning and core buildup on Tooth No.3. On May 26, 2011 you billed the patient for an onlay, indirect pulp cap and gingivectomy of Tooth No.3. It is not possible for a crowned tooth to receive an onlay or pulp cap. Additionally, you charged this patient different amounts for the same procedures on different dates.

As part of the work for this patient you performed work on Tooth No.4. On

2

November 17, 2010 you billed the patient for a crown to restore Tooth No.4. However the patient was examined on November 15, 2010 by an assistant. There does not appear in the records any examination by you regarding the need or performance of restorative work on Tooth No.4. Also on November 17, 2010, you charged the patient for a gingival flap; however, this procedure is not supported by any documented evidence. Further, much of the dental work is recorded in the notes by an "Assistant," including work performed on January 24, 2011, noted as "insert #4." This work was beyond the scope of permissible work by an assistant and required that the work be performed by a licensed dentist.

You performed dental work on patient C▓▓▓▓ P▓▓. As a part of your treatment of this patient you performed endodontic therapy on Teeth No. 23 and 24. However, this treatment was unnecessary and overly aggressive. There was no mobility testing on either tooth. The radiographs do not support that a rubber dam was used as required. The radiographs do not support the use of crowns for these teeth. Further, the teeth were not first treated with calcium hydroxide and then later evaluated as required by the standard of endodontic care.

You performed substandard work on Teeth 22-27. You delivered and cemented the patient's fixed restorative work on these teeth on June 21, 2012. The crowns are grossly defective as the margins are blatantly open. Work on each of these teeth need to be redone. Furthermore, you charged for core build-ups for Teeth No. 22, 23 and 24, but did not do core build-ups.

You charged this patient for a gingivectomy/gingivoplasty on March 20, 2012. There is no documentation to support this charge. Further, there is no reason the patient

would have needed this treatment. You also charged the patient $700 per provisional, but those provisionals were not lab processed provisionals and such charges were unnecessary and unreasonable. Further, provisional placement is considered integral to the parent procedure given this patient, and thus should not be separately charged. Finally, on May 2, 2012 Tooth No. 23 was surgically extracted and you had undocumented charges for alveolplasty and bone graph and charged the patient for a cast post and core for Tooth No. 22. It is clear from subsequent radiographs that Tooth No. 22 never had a cast or post placed. Further, because of mobility and bone loss the extraction for Tooth No. 23 should have been charged as a simple extraction, as opposed to a surgical extraction.

You provided dental treatment to patient M█████ J█████. Your record keeping and treatment regarding this patient was below the standard of care required of a licensed professional. You treated Tooth No. 14 for this patient. However, your records of the initial visit of this patient on July 12, 2010 do not reflect any prognosis or discussion with the patient regarding Tooth No. 14. The endodontic treatment on Tooth No. 14 was below standard because it was unfilled, under-filled, over-treated and obliterated canals can be seen on the radiographs. At the same visit there was a recordation mistake regarding Teeth nos. 28 and 29. The records indicated Tooth No. 28 needed restoration, when Tooth No. 29 needed restoration and Tooth No. 28 did not need any work. When you performed the work you noted that the work was performed on Tooth No. 28, when in fact you correctly performed the work on Tooth No. 29. When the patient returned a year later with a complaint related to Tooth No. 29, you treated that as a new complaint, rather than a re-work because of the documentation error from the first visit. This caused

4

incorrect billing to the patient. Further, on September 29, 2011, you noted that Tooth No. 28 needed a root canal "re-do," which was not possible since Tooth 28 had not actually been worked on previously.

D█ S█ made a complaint to the Board on December 28, 2012 regarding your failure to provide dental records for his wife S█ S█, absent a Fifty dollar fee. On February 11, 2013, the Board issued an Order to Answer requiring you to provide information responding to the allegations contained in the complaint. You provided no response or answer to the Order of the Board.

J█ C█ made a complaint to the Board on January 5, 2013 regarding your failure to respond to a records request she made. On February 11, 2013, the Board issued an Order to Answer requiring you provide information responding to the allegations contained in the complaint. You provided no response or answer to the Order of the Board.

D█ P█ made a complaint to the Board on December 10, 2012 regarding records requests he made. On January 19, 2013, the Board issued an Order to Answer requiring you provide information responding to the allegations contained in the complaint. You provided no response or answer to the Order of the Board.

2. **You failed to conform to standards of acceptable conduct and prevailing practice within the dental profession in violation of D.C. Official Code § 3-1205.14 (a) (26) (2012 Repl.).**

The allegations detailed following charge 1 are adopted and incorporated herein by reference.

5

3. You failed to cooperate in an investigation or obstructed an investigation ordered by the Board in violation of D.C. Official Code § 3-1205.14 (a) (42) (2012 Repl.).

The allegations detailed following charge I are adopted and incorporated herein by reference.

4. You violated an Order of the Board in violation of D.C. Official Code § 31205.14 (a) (27) (2012 Repl.).

The allegations detailed following charge I are adopted and incorporated herein by reference.

5. You failed to maintain accurate records as required by 17 D. C. M.R. §4 213.4 and failed to maintain adequate dental records as required by D.C. Official Code § 31205.14 (a) (37) (2012 Repl.).

The allegations detailed following charge I are adopted and incorporated herein by reference.

6. You failed to provide patient records as requested by the patient in violation of 17 D.C.M.R. § 4213.5.

The allegations detailed following charge I are adopted and incorporated herein by reference.

7. You failed inform a patient of the proposed treatment and any reasonable alternatives in a manner that allows the patient to become involved in treatment decisions in accordance with 17 D.C.M.R. § 4213.7.

The allegations detailed following charge I are adopted and incorporated herein by reference.

8. You represented the fees being charged for providing care in a false or misleading manner in violation of 17 D.C. M.R. § 4213.47.

The allegations detailed following charge I are adopted and incorporated herein by reference.

9.  **You performed unnecessary dental services or procedures in violation of 17 D.C.M.R. § 4213.51.**

The allegations detailed following charge I are adopted and incorporated herein by reference.

10. **You failed to provide patient records as requested by the patient in violation of 17 D.C.M.R. § 4213.5.**

Ms. R___ A___ requested her patient records from you on September 26, 2013 and October 7, 2013. As of January 2, 2014, the date Ms. A___ filed a complaint with the Board, the records have still not been provided. On January 30, 2014 the Board issued and personally delivered to your place of business a subpoena ordering that you provide the records. However, to date the records have still not been provided to the patient.

11. **You failed to provide patient medical records as requested by the patient in violation of 17 D.C.M.R. § 4213.5.**

Ms. A___ P___ visited your offices on August 18, 2013. She went to the office to get a consultation for dental implants to replace missing teeth. When she arrived Ms. P___ was told that every first time patient gets a teeth cleaning. After the cleaning she was told that she had three cavities that needed filling. Though she thought this odd, since she had recently been to her dentist and had no cavities at that time, she consented to have the cavities filled. While under heavy sedation, she was asked to initial a form, which she did. She was unsure what this form was and no one at the office explained it to her. Upon leaving the office, Ms. P___ had severe bleeding and pain. She went to her local doctor to discuss this, and was informed for the first time that a root canal and

7

crown preparations were performed on her at your offices. Prior to receiving the procedures, Ms. P▊ had no discussions with the dentist regarding the procedures that were done on her. An expert review of the records confirmed that there was no evidence any of these procedures were discussed with the patient, there was no treatment plan, and no informed consent. Further, an expert review of the records indicates that neither root canal or crown replacement were necessary procedures for this patient. The expert review also found that Ms. P▊ had severe periodontal disease. Proper dental practice required a referral for periodontal treatment. No such referral was made. The expert found that there was no comprehensive examination prior to treatment and that the records which existed fell below the standard of care required in maintaining such records. Ms. P▊ filed a complaint with the Board. On September 30, 2013, the Board issued an Order to Answer within 10 days. Post Office record show the Order to Answer was delivered to the dental offices on October 8, 2013. You have never answered the complaint as Ordered. Further, in 2013 Ms. P▊ requested her medical records from you, but those records were not produced except in response to a subpoena by the Board.

12. **You failed to inform a patient of the proposed treatment and any reasonable alternatives in a manner that allows the patient to become involved in treatment decisions in accordance with 17 D.C.M.R. § 4213.7.**

The allegations detailed following charge XI are adopted and incorporated herein by reference.

13. **You violated an Order of the Board in violation of D.C. Official Code § 31205.14 (a) (27) (2012 Repl.).**

The allegations detailed following charge XI are adopted and incorporated herein by reference.

8

14. **You failed to maintain accurate records as required by 17 D.C. M.R. §4213.4 and failed to maintain adequate dental records as required by D.C. Official Code § 31205.14 (a) (37) (2012 Repl.).**

The allegations detailed following charge XI are adopted and incorporated herein by reference.

15. **You performed unnecessary dental services or procedures in violation of 17 D.C.M.R. §4123.51.**

The allegations detailed following charge XI are adopted and incorporated herein by reference.

16. **You failed to conform to standards of acceptable conduct and prevailing practice within the dental profession in violation of D.C. Official Code § 3-1205.14 (a) (26) (2012 Repl.).**

The allegations detailed following charge XI are adopted and incorporated herein by reference.

17. **You violated an Order of the Board in violation of D.C. Official Code § 31205.14 (a) (27) (2012 Repl.).**

C▇ G▇ was a patient in your offices starting on December 6, 2012. On June 13, 2013 Ms. G▇ filed a complaint with the Board indicating that you had performed crown restorations on several of her teeth without her informed consent, and that you had not discussed the treatment plan with her before beginning treatment. Ms. G▇ requested her patient records from you, but you refused to comply. Thereafter, the Board issued an Order to Answer. You never answered the complaint. A subpoena was issued for the patient's medical records, and those records were turned over to the Board. The medical records of the patient were reviewed by an expert who

determined that the medical records lacked a treatment plan or informed consent by way of a discussion of alternative treatments. Further, the expert found that crown restorations were performed on teeth no. 2, 3, 4, 19, 31 and 32, and that none of those crown restorations was necessary. Based on the record the expert stated that no restoration was necessary at all on teeth 2, 4, 19, 31 and 32, and that tooth no. 3 should have been treated with a more conservative course of treatment. Further the expert found that the crown restorations, even if necessary, were performed and billed with direct pulp caps, however, it is unnecessary to use direct pulp caps on teeth such as these which have never been extensively restored previously. Thus, the expert found you had performed and billed for unnecessary services and/or had billed for services which were not performed. The review of the records indicated that you billed Medicare for resin composite build-ups, which were completely unnecessary in teeth that do not have extensive decay and restoration needs. The records indicate none of the effected teeth had such decay or extensive restoration needs. Further you billed the patient and Medicare for crown lengthening on all crown restorations, except on tooth no. 32, but the records do not support the need for such services. The records reveal you billed the patient and Medicare for provisional crowns on all restored crowns, however, standards of practice in the profession require that provisional crowns are part of the crown restoration work, and except in specific circumstances, which the record does not support, should not be billed as a separate procedure. Finally, the records reveal that your record keeping for the dental procedures failed to meet the standard of care for dental professionals.

18. **You failed to maintain accurate records as required by 17 D.C. M.R. §4213.4 and failed to maintain adequate dental records as required by D.C. Official Code § 3-1205.14 (a) (37) (2012 Repl.).**

The allegations detailed following charge XVII are adopted and incorporated herein by reference.

19. You failed to provide patient records as requested by the patient in violation of 17 D.C.M.R. § 4213.5.

The allegations detailed following charge XVII are adopted and incorporated herein by reference.

20. You failed to inform a patient of the proposed treatment and any reasonable alternatives in a manner that allows the patient to become involved in treatment decisions in accordance with 17 D.C.M.R. § 4213.7.

The allegations detailed following charge XVII are adopted and incorporated herein by reference.

21. You represented the fees being charged for providing care in a false or misleading manner in violation of 17 D.C. M.R. § 4213.47.

The allegations detailed following charge XVII are adopted and incorporated herein by reference.

22. You performed unnecessary dental services or procedures in violation of 17 D.C. M.R. § 4213.51.

The allegations detailed following charge XVII are adopted and incorporated herein by reference.

23. You failed to conform to standards of acceptable conduct and prevailing practice within the dental profession in violation of D.C. Official Code § 31205.14 (a) (26) (2012 Repl.).

The allegations detailed following charge XVII are adopted and incorporated herein by reference.

24. You submitted false statements to collect fees for which services were not provided or submitted statements to collect fees for services which were not medically necessary in violation of D.C. Official Code§ 3-1205.14 (a) (13) (2012 Repl.).

The allegations detailed following charge XVII are adopted and incorporated herein

by reference.

25. **You submitted false statements to collect fees for which services were not provided or submitted statements to collect fees for services which were not medically necessary in violation of D.C. Official Code § 3-1205.14 (a) (13) (2012 Repl.).**

You performed dental work on patient L▮▮▮ P▮▮▮ in November 2010 placing porcelain to gold crowns on Teeth 3 and 4, with upper right gingival flap procedures. Less than two years later on April 5, 2012, the patient was charged for posts and cores on Teeth 4 and 5, but endodontic procedures are required for posts and cores. The radiographs do not show that endodontic procedures were performed. Additionally, progress notes show that you preformed soft tissue buildup (with Tooth 4 just receiving crown and gingival flap on November 5, 2010) but likewise, the radiographs do not show that this was performed. Teeth 4 and 5, which according to the financial records had just received posts and cores on April 5, 2012, were extracted on June 7, 2012, with a bone graph on Tooth 4 placed the same date. Records show impressions for a partial denture were taken on June 7, 2012, but this is not a proper treatment or sequence of treatment, and thus does not meet the standards for acceptable conduct and prevailing practice in the dental profession.

26. **You failed to conform to standards of acceptable conduct and prevailing practice within the dental profession in violation of D.C. Official Code § 31205.14 (a) (26) (2012 Repl.).**

The allegations detailed following charge XXIV are adopted and incorporated herein by reference.

The parties have elected to resolve this matter by consent agreement in lieu of a hearing. The Respondent acknowledges that there is sufficient evidence, if proven, to make a *prima facie* case for the charges against Respondent if brought to hearing. Based upon the aforementioned,

the parties hereby agree and enter into this consent order as follows:

## CONSENT ORDER

It is hereby ORDERED that:

1. Respondent shall return this signed and notarized consent order to the Board by **close of business on November 3, 2014**;

2. Respondent shall return his wall and pocket dentistry licenses to the Board no later than 2:00 PM on November 19, 2014;

3. Upon execution of the consent order, Respondent's licensure status shall be changed to **SUSPENDED**;

4. Respondent's licensure status in the District of Columbia shall remain as **SUSPENDED** for no less than one year, and until such time that the following terms are completed to the satisfaction of the Board:

   a. Respondent shall pay a fine in the amount of Five Thousand Dollars ($5,000.00), which shall be made payable to "D.C. Treasurer" and shall be submitted to Vino DelVento, Executive Director, District of Columbia Board of Dentistry, at 899 North Capitol Street, NE, 2nd Floor, Washington, D.C. 20002;

   b. Respondent shall undergo a practice assessment, as provided through the Dentist Professional Review and Evaluation Program ("D-PREP"), which is offered by the American Association of Dental Boards. The assessment and any resulting recommendation shall include ethics as a component thereof. (More information on D-PREP may be found at http://www.dentalasp.org/D-PREP.htm.);

    c.    The Respondent shall cause a copy of the D-PREP assessment and recommendation for remediation to be submitted to the Board for review prior to the start of remedial education as recommended by D-PREP;

    d.    Should the Board determine that the ethics component of the assessment and recommendation is insufficient to address the Board's concerns, the Respondent shall be required to complete the Professional Problem-Based Ethics ("ProBE") program offered by the Center for Personalized Education for Physicians (CPEP). If the Respondent is required to complete ProBE, he shall complete the program no later than six (6) months from the date he was required to complete it and submit proof of completion and final report from the program;

    e.    Upon completion of the practice assessment required under part "b" of this consent order, Respondent shall complete any and all remediation education that is required or suggested by D-PREP and submit to the Board proof of completion;

5.    Respondent may petition the Board to have his suspension lifted and/or apply for reinstatement of his dentistry license by submitting:

    a.    Proof, acceptable to the Board, of having completed the terms of this Consent Order;

    b.    A completed reinstatement application; and

    c.    Payment of the reinstatement application fee;

6.    Upon reinstatement of Respondent's license to active status, Respondent shall be subject to a period of probation and monitoring for no less than two (2) years. Terms of the probation and monitoring period shall be as follows:

    a.    At a minimum, Respondent shall cause and ensure **quarterly reports** be submitted to the Board by a Board-approved supervising dentist regarding Respondent's

practice. The quarterly reports shall address Respondent's competency and fitness to practice, whether any practice issues or concerns exist, and shall be submitted to the Board **not later than every third Board meeting** for the duration of the probation.

      b.    It is the responsibility of Respondent to obtain Board approval of his choice of supervising dentist before the two (2)-year probation period may commence.

      c.    Respondent shall notify the Board within ten (10) days of a change in his supervising dentist, and must obtain Board-approval prior to commencing a supervisor-dentist relationship with that supervising dentist;

7.    Should Respondent violate any provision of this consent order, the Board may take such further action against his license as it deems appropriate.

Date 11/19/14

Renée A. McCoy-Collins, DDS, FACD, FICD
Chairperson
District of Columbia Board of Dentistry

## CONSENT OF RESPONDENT

- My signature on the foregoing Consent Order signifies my acceptance of the terms and conditions of the Consent Order and my agreement to be bound by its provisions. (initial)

- I acknowledge the validity of this Consent Order, as if made after a hearing in which I would have had the right to counsel, to confront witnesses, to give testimony, to call witnesses

15

on my behalf, and to all other substantive and procedural due process protections provided by the laws of the District of Columbia and the United States of America. _____ (initial)

- I also recognize that I am waiving my right to appeal any adverse ruling of the Board had this matter gone to a hearing. _____ (initial)

- I expressly acknowledge that by signing this Consent Order, I am voluntarily waiving my right to require the Board to charge me through a notice of intent to take disciplinary action with a violation of this agreement and to require the government to prove such violation by a preponderance of the evidence before suspending my license based upon the failure to satisfactorily fulfill the terms of the Consent Order. _____ (initial)

- I also expressly acknowledge by signing this Consent Order, I am waiving my right to confront witnesses, give testimony, to call witnesses on my behalf, and to other substantive and procedural due process protections provided by the laws of the District of Columbia and the United States of America. _____ (initial)

- I further expressly acknowledge that by signing this Consent Order, I am waiving my right to appeal this Consent Order, as well as waiving any and all rights, whatsoever, I would have to challenge or appeal that Board's decision to suspend my license based on the failure to satisfactorily fulfill the terms of the Consent Order. _____ (initial)

- I acknowledge that in the event that the Board suspends my license based on the failure to satisfactorily fulfill the terms of the Consent Order, my sole remedy and recourse will be to respond within the time period set forth in this Consent Order with proof of my compliance and that if I fail to do so, my sole remedy and recourse will be to comply with the terms of this Consent Order to the satisfaction of the Board. _____ (initial)

16

- I have had an opportunity to review this document and to consult with my own legal counsel. I choose willingly to sign this Consent Order, and I understand its meaning and effect.

_____ (initial)

11/3/14
Date

_____
Bilal Ahmed, #DEN1000497

Sworn to and subscribed before me this 3 day of November 2014.

Embossed Hereon is My
Montgomery County Maryland Notary Public Seal
My Commission Exp: May 31 2016
ALICIA CARRIL RODRIGUEZ

_____
Notary Public

**This Consent Order is the Final Order of the Board in this disciplinary matter and a public record and shall be posted on the Department of Health's website and Board newsletter, and reported to the National Practitioner Data Bank and the Healthcare Integrity Protection Data bank.**